UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 2:20

Camica Alley,

Plaintiff,

**25 CV 10346**

v.

City of New York;

John/Jane Doe NYPD Officers 1–10;

John Doe EMS Personnel 1–5;

John/Jane Doe ACS Workers 1–5,

Defendants.

COMPLAINT

42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATIONS

***JURISDICTION & VENUE***

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred within this District.

3. This Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

## *PARTIES*

4. Plaintiff Camica Alley is a resident of New York County.

5. Defendant City of New York is a municipal corporation responsible for the policies, practices, supervision, training, and conduct of NYPD, ACS and EMS personnel.

6. Defendants John/Jane Doe NYPD Officers 1–10 are unidentified officers of the NYPD 24th Precinct who participated in the unlawful entry, arrest, force, and prosecution described herein.

7. Defendants John Doe EMS Personnel 1–5 are unidentified EMS workers who attempted to forcibly inject Plaintiff with an unknown substance.

8. Defendants John/Jane Doe ACS Workers 1–5 are unidentified employees of the New York City Administration for Children's Services who participated in the unlawful removal of Plaintiff's children, failed to investigate Plaintiff's reports of abuse, and acted in concert with NYPD officers to violate Plaintiff's constitutional rights.

9. Plaintiff will amend this Complaint to substitute the true names of the John and Jane Doe defendants once their identities are ascertained through discovery

## *FACTUAL ALLEGATIONS*

10. On December 17, 2022, Plaintiff called 911 seeking emergency assistance because an ACS worker inside her home was harassing, threatening, and physically assaulting her in the presence of her children.

11. Plaintiff was the victim seeking help. She was inside her home, unarmed, non-violent, and attempting to protect her children.

12. When NYPD officers arrived, they immediately treated Plaintiff as a suspect rather than a victim. They refused to listen to her explanation and ignored her statements that the ACS worker had assaulted her.

13. Officers ordered Plaintiff to open the door. When she attempted to explain the situation, officers refused to listen and escalated the encounter.

14. Officers then forcibly entered Plaintiff's home without a warrant, without consent, and without exigent circumstances, removing the front door from its hinges.

15. Plaintiff, who was unclothed inside her private residence, was grabbed by officers and dragged outside naked, exposing her body to neighbors, passersby, and her children.

16. Plaintiff begged officers to allow her to cover herself, but they refused. Her children witnessed the entire event and were crying and screaming.

17. Plaintiff was handcuffed while still unclothed, causing physical pain, humiliation, and emotional trauma.

18. Officers arrested Plaintiff without probable cause, without interviewing her, her children, or any witnesses, and without investigating her report that the ACS worker had assaulted her.

19. Plaintiff was charged with 17 criminal offenses, including assault on acs worker all of which were later dismissed, confirming the absence of probable cause.

20. After the December 17, 2022 incident, NYPD arrested Plaintiff three additional times, each arrest connected to ACS matters stemming from the original wrongful arrest.

21. These arrests were retaliatory, lacked probable cause, and were intended to intimidate Plaintiff for asserting her rights and challenging NYPD and ACS misconduct.

22. As a direct result of the NYPD's actions, ACS removed Plaintiff's children from her custody. The children remain in ACS custody.

23. The removal caused severe emotional and psychological harm to Plaintiff and her children.

24. EMS personnel attempted to forcibly inject Plaintiff with an unknown chemical substance, despite Plaintiff being conscious, coherent, and not posing a threat.

25. Plaintiff repeatedly refused the injection, but EMS personnel insisted to wanting to administer it.

26. Officers ignored Plaintiff's repeated statements that she had been assaulted by the ACS worker and refused to investigate.

27. The officers' conduct was consistent with a pattern of NYPD practices in ACS-related incidents: siding with ACS workers, disregarding parents' statements, using unnecessary force, and making arrests without probable cause.

28. ACS personnel escalated the situation, failed to investigate Plaintiff's report of assault, and instead collaborated with NYPD to remove her children.

29. ACS workers later participated in or initiated proceedings that led to the wrongful removal of Plaintiff's children, despite no evidence of abuse or neglect.

30. ACS failed to provide due process, did not obtain a court order before removal, and ignored Plaintiff's repeated attempts to assert her rights.

## *CAUSES OF ACTION*

COUNT I — Unlawful Entry (Fourth Amendment)

31. Defendants entered Plaintiff's home without a warrant, consent, or lawful justification.

COUNT II — False Arrest / False Imprisonment (Fourth Amendment)

32. Defendants arrested Plaintiff without probable cause.

COUNT III — Excessive Force (Fourth Amendment)

33. Dragging Plaintiff outside naked and restraining her constituted excessive force.

COUNT IV — Malicious Prosecution (Fourth Amendment)

34. Defendants initiated and continued criminal charges without probable cause and with malice. All charges were dismissed.

COUNT V — Substantive Due Process (Fourteenth Amendment)

35. Defendants violated Plaintiff's rights to bodily integrity and family integrity.

COUNT VI — Retaliation (First & Fourteenth Amendments)

36. Plaintiff engaged in protected activity by calling 911, reporting misconduct, and asserting her rights.

37. NYPD officers retaliated by arresting Plaintiff three additional times without probable cause.

38. These arrests were intended to intimidate Plaintiff, silence her complaints, and punish her for challenging NYPD and ACS misconduct.

39. Plaintiff suffered emotional trauma, fear of further harassment, reputational harm, and continued separation from her children.

COUNT VII – VIOLATION OF SUBSTANTIVE DUE PROCESS (Fourteenth Amendment) – Against ACS Defendants

40. Defendants John Doe ACS Workers 1–5, acting under color of state law, violated Plaintiff's clearly established constitutional rights by removing her children without a court order or exigent circumstances, failing to investigate her reports of abuse, and conspiring with NYPD officers to unlawfully arrest and prosecute her.

41. Their conduct shocks the conscience and deprived Plaintiff of her right to family integrity and bodily autonomy.

Count VIII – MUNICIPAL LIABILITY (MONELL CLAIM )

42. The City of New York is liable under Monell because Plaintiff's injuries were caused by the City's policies, customs, and deliberate indifference.

43. The City maintains long-standing customs that permit unlawful entry, excessive force, false arrest, malicious prosecution, and retaliation, especially in ACS-related incidents.

44. The City has a documented pattern of warrantless home entries during ACS interventions.

45. The City has a custom of crediting ACS workers over parents, leading to wrongful arrests and child removals.

46. The City fails to train officers on domestic incidents, ACS interactions, and mental-health-related calls.

47. The City fails to supervise or discipline officers who engage in misconduct, creating a culture of tolerance.

48. The City has been repeatedly sued for similar misconduct but has failed to implement reforms.

49. The City maintains a custom of retaliatory policing against individuals who assert their rights.

50. EMS personnel operate under policies permitting chemical restraints without consent.

51. These policies and customs were the moving force behind Plaintiff's injuries.

***DAMAGES***

52. Plaintiff suffered:

A- Physical pain

B- Humiliation from being exposed naked

C-Property damage

D- Emotional trauma

E- Clinical depression requiring prescribed medication

F- Anxiety, sleep disturbance, and persistent distress

G- Loss of liberty

H- Reputational harm

I- Economic losses

J- Ongoing trauma from separation from her children

53. In addition to the harms described above, Plaintiff suffered cumulative injuries from the repeated arrests connected to ACS matters

54. Repeated deprivation of liberty through multiple unlawful arrests and detentions.

55. Compounded emotional trauma from ongoing harassment, intimidation, and fear of further retaliation.

56. Reputational damage magnified by repeated criminal charges, even though all were dismissed.

57. Economic losses including legal expenses, and disruption of daily life caused by repeated court appearances.

58. Exacerbation of psychological harm including heightened anxiety, depression, and post-traumatic stress symptoms due to the ongoing pattern of misconduct.

59. Prolonged family separation and deepened trauma for Plaintiff and her children, as each arrest reinforced ACS custody and delayed reunification.

60. These cumulative harms demonstrate that Defendants' misconduct was not isolated but part of a continuing pattern of retaliation and discrimination.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

1. Compensatory damages for physical, emotional, psychological, and economic injuries suffered;

2. Punitive damages against the individual Defendants to deter similar misconduct;

3. Declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;

4. Injunctive relief directing the immediate return of Plaintiff's children to her custody and prohibiting further unlawful removals;

5. Recovery of all allowable litigation expenses, including reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and

6. Such other and further relief as the Court deems just and proper.

## *JURY DEMAND*

61. Plaintiff demands a trial by jury.

## *VERIFICATION*

I declare under penalty of perjury that the foregoing is true and correct.

Camica Alley

1899 Crotona Avenue apt#4i

Bronx ,NY

(347) 329-8138

micaframe@yahoo.com

Plaintiff

Dated: 12/9/25

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Camica Alley
*Plaintiff(s)*

v.

City of New York
*Defendant(s)*

Civil Action No.

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 2:19

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
City of New York
Corporation Counsel
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Camica Alley
1899 Crotona Avenue (# 4I)
Bronx NY
10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ________________ .

☐ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Camica Alley
*Plaintiff(s)*
v.
Administration for Children Services(ACS)

*Defendant(s)*

Civil Action No.

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 2:19

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
ACS
Corporation Counsel
100 church street
New York, NY
10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Camica Alley
1899 Crotona Avenue (*4 I)
Bronx, NY
10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Camica Alley

*Plaintiff(s)*

v.

John doe EMS personnel (1-5)

*Defendant(s)*

Civil Action No.

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 2:19

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

John / Jane doe EMS personnel (1-5)
Corporation Counsel
100 Church Street
New York, NY
10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Camica Alley
1899 Crotona Avenue (# 4I)
Bronx, NY
10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Camica Alley
*Plaintiff(s)*

v.

John / Jane doe NYPD officers 1-10
*Defendant(s)*

Civil Action No.

RECEIVED
SDNY PRO SE OFFICE
2025 DEC 12 PM 2:20

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
John/Jane Doe NYPD officers (1-10)
Corporation Counsel
100 Church Street
New York, Ny
10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Camica Alley
1899 Crotona Avenue (#4I)
Bronx, Ny
10457

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset