UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMICA ALLEY,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

25-cv-10346 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff Camica Alley, who proceeds *pro se* in this action, brings claims under 42 U.S.C. § 1983 for violation of her First, Fourth, and Fourteenth Amendment rights. She sues the City of New York, as well as a number of New York City Police Department ("NYPD") officers and detectives, Administration for Children's Services ("ACS") workers, Emergency Medical Services ("EMS") personnel, and deputies in the New York City Sheriff's Office.

Plaintiff's original complaint named the City of New York as well as unidentified NYPD officers, ACS workers, and EMS personnel. Dkt. No. 1. By order dated January 15, 2026, the Court granted Plaintiff's application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). *See* Dkt. No. 5. The Court thereafter requested that the City of New York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order. Dkt. No. 7. The City of New York executed its waiver of service on March 2, 2026, Dkt. No. 12, and submitted several *Valentin* responses, *see* Dkt. Nos. 14, 19, 36, 47.

Plaintiff filed an amended complaint on June 9, 2026, Dkt. No. 22, followed by a second amended complaint on August 31, 2026, which identified a number of NYPD officers, EMS personnel, ACS workers, and Sherriff's deputies by name but continued to bring claims against John Doe NYPD officers and detectives, Dkt. No. 41. By order dated September 14, 2026, the

Court deemed Defendant the City of New York to have satisfied its *Valentin* obligations with respect to Plaintiff's December 17, 2022 and July 26, 2023 arrests and deemed the second amended complaint filed at Dkt. No. 41 to be properly filed. Dkt. No. 45. On October 8, 2026, Plaintiff submitted a further amendment identifying the John Doe officers and detectives referenced in paragraphs 11 and 14 of the second amended complaint. Dkt. No. 48.

**DISCUSSION**

**A. Electronic Service for NYPD Defendants**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this Order. The Court requests that Officers Medrano, Cortez, Vanegas, Castro, and Johnson; Sergeants Longmire, Treuhalt, Corniel, and Carnevale; Lieutenant Grace; and Detectives McCloud, Meister, Welch, Mercado, Haskovic, and Martinez waive service of summons.

**B. Order of Service**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the remaining defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the following defendants: Sung Choi, Ahmed Adekoya, Fernella Cain, Karen Grier, LaToya Jackman, Gilfraise Campbell, Adrian Baptiste,

Yung Wong, Brandon Watson, and Steward Eiel. The Clerk of Court is further instructed to issue summonses for the foregoing defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

**CONCLUSION**

The Clerk of Court is respectfully directed to electronically notify the New York City Police Department and the New York City Law Department of this Order. The Court requests that Officers Medrano, Cortez, Vanegas, Castro, and Johnson; Sergeants Longmire, Treuhalt, Corniel, and Carnevale; Lieutenant Grace; and Detectives McCloud, Meister, Welch, Mercado, Haskovic, and Martinez waive service of summons.

The Court respectfully directs the Clerk of Court to issue summonses for Defendants Choi, Adekoya, Cain, Grier, Jackman, Campbell, Baptiste, Wong, Watson, and Eiel, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: October 29, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. **Sung Choi**
   New York City Fire Department
   9 Metrotech Center, 4th floor
   Brooklyn, NY 11201

2. **Ahmed Adekoya**
   New York City Fire Department
   9 Metrotech Center, 4th floor
   Brooklyn, NY 11201

3. **Fernella Cain**
   NYC Administration for Children's Services
   Division of Child Protection, Emergency Children's Services
   150 William Street, 5th floor
   New York, NY 10038

4. **Karen Grier**
   Confidential service address

5. **LaToya Jackman**
   Office of the Sheriff
   Staten Island Business Center
   350 St. Marks Place, Room 409
   Staten Island, NY 10301

6. **Gilfraise Campbell**
   Office of the Sheriff
   Bronx Customer Service Center
   3030 Third Avenue, 2nd Floor
   Bronx, NY 10455

7. **Adrian Baptiste**
   Office of the Sheriff
   345 Adams Street, 5th Floor
   Brooklyn, NY 11201

8. **Yung Wong**
   Office of the Sheriff
   Staten Island Business Center
   350 St. Marks Place, Room 409
   Staten Island, NY 10301

9. **Brandon Watson**
   New York City Police Department
   1 Police Plaza, Room 110a
   New York, NY 10038

10. **Steward Eiel**
    New York City Police Department
    1 Police Plaza, Room 110a
    New York, NY 10038